UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
AUG 27 2007
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| DANE ALLEN YIRKOVSKY, | CIV 07-4090 |
| Petitioner, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| ALBERTO GONZALES, esq., Attorney General for the United States; and HARLEY G. LIPPIN, Dir., Federal Bureau of Prisons, | |
| Respondents. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Dane Allen Yirkovsky, an inmate at the Federal Prison Camp in Yankton, South Dakota, has applied for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons stated below, Petitioner's application for a writ of habeas corpus will be denied.

The Court first notes that the caption on the § 2241 application indicates this action is intended to be filed in the United States District Court for the District of Columbia. In the Memorandum filed by Petitioner in support of the application, Doc. 4, Petitioner further refers to the district court in the District of Columbia, Doc. 4, ¶¶ 2 and 4(a). The documents were, however, mailed to this Court and were filed with the Clerk of Court in the District of South Dakota.

Petitioner asserts several claims in this action seeking to challenge his conviction and sentence by the United States District Court for the Northern District of Iowa. His conviction was entered on October 12, 2000. He was sentenced to 180 months' imprisonment for being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). He entered a guilty plea and in a plea agreement, he agreed to a term of imprisonment of 180 months. On appeal to the

Eighth Circuit, Petitioner claimed his sentence was grossly disproportionate to the gravity of the offense, thereby constituting cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *See United States v. Yirkovsky*, 259 F.3d 704 (8th Cir. 2001). The Eighth Circuit held that the district court had jurisdiction in this action under 18 U.S.C. § 3231 and the appellate court had jurisdiction under 28 U.S.C. § 1291 and affirmed his conviction and sentence. *See id.* at 705.

Petitioner claims the Court has jurisdiction under § 2241 to grant a writ of habeas corpus. His Petition under § 2241, however, is barred by the following provision in 28 U.S.C. § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Petitioner is "authorized to apply for relief by motion" pursuant to 28 U.S.C. § 2255 because he is a prisoner in custody pursuant to a federal conviction and sentence who may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

28 U.S.C. § 2255.

In the pending Petition for relief under 28 U.S.C. § 2241, Petitioner states he pursued a motion under 28 U.S.C. § 2255 in the United States District Court for the District of Iowa, which was denied. He did not appeal the denial of his § 2255 motion. He further alleges the following for why he believes the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention: "Because the Legislative Territorial Court wherein the issues now complained of arose, lacks the Constitutional authority to entertain and to adjudicate the issues herein and herein-after,

thus a §2255 Motion is inadequate and inappropriate." (Petition for Common Law Writ of Habeas Corpus By a Person in Federal Custody, Doc. 1 at ¶ 19.)

The sentencing court is the proper court in which to bring his §2255 Motion: "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that ... the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, federal district courts have original jurisdiction over all offenses against the laws of the United States. *See* 18 U.S.C. § 3231 (providing that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). Accordingly, the Court rejects Petitioner's argument that a motion under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention. An application for a writ of habeas corpus under 28 U.S.C. § 2241 cannot be used by Petitioner as a substitute for an appeal of the denial of his § 2255 Motion by the sentencing court. Moreover, the Eighth Circuit explained the denial of relief under § 2255 is not a basis for finding such a motion was inadequate or ineffective:

> Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

*United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000). Relief under § 2241 is not available to Petitioner on the grounds raised in his Petition.

Petitioner also filed a Motion to Request Judicial Notice In the Nature of Rule 201(d) of the Federal Rules of Evidence, Doc. 3, requesting that the Court take judicial notice of various publications, constitutional provisions, statutes and documents. None of the requested items is relevant to the Court's determination in this action and the request will, therefore, be denied. Accordingly,

IT IS ORDERED:

1. That Petitioner's Petition for Common Law Writ of Habeas Corpus By a Person in Federal Custody, Doc. 1, is denied with prejudice.

2. That Petitioner's Motion to Request Judicial Notice In the Nature of Rule 201(d) of the Federal Rules of Evidence, Doc. 3, is denied.

3. That Petitioner's Motion for Leave to Proceed In Forma Pauperis, Doc. 8, is denied as moot because the $5.00 filing fee for this case has been paid by Petitioner.

Dated this 27th day of August, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
(SEAL)   DEPUTY